# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DWAYNE STOVALL,   )
                 )
   Plaintiff,   )
                 )
v.               )   Case No. CV412-204
                 )
STATE DISTRICT ATTORNEY,   )
LIBERTY COUNTY SHERIFF   )
STEVE SIKES, and LIBERTY   )
COUNTY JAIL ADMINISTRATOR   )
DOUGLAS FRANKS,   )
                 )
   Defendants.   )

## REPORT AND RECOMMENDATION

Inmate-plaintiff Dwayne Stovall has filed a 42 U.S.C. § 1983 civil rights complaint claiming that he has been denied access to legal research, had his legal mail confiscated, and refused privacy during meetings with his public defender. (Doc. 1.) Having completed his *in forma pauperis* ("IFP") paperwork (docs. 5 & 6), the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which permits a district court to dismiss *sua sponte* an IFP plaintiff's claims for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts

must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

According to Stovall, the Liberty County Jail offers no way for him to perform legal research. (Doc. 1 at 5.) Additionally, he alleges that Administrator Franks confiscated a letter from his daughter that included legal material useful to his defense in an ongoing state criminal prosecution against him. (*Id.*) Finally, he states that he has been forced to meet with his attorney in a hallway with an officer situated nearby. (*Id.* at 6.) As relief for these alleged infractions, he asks for a restraining order to protect his rights, along with damages.[1] (*Id.* at 7.)

First, while Stovall names the "State District Attorney" ("DA") as a defendant, he has not made any allegations implicating the DA in any

---

[1] He also asks for the Court to certify his complaint as a class action. (Doc. 1 at 7.) Class certification is not permitted for prisoners proceeding IFP in a civil action. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (barring multi-plaintiff actions brought by prisoners proceeding IFP).

2

impropriety at the Liberty County Jail. Nor has he suggested that the DA has any power over the institution. Since Stovall has not made any factual allegations tying the DA to the case, the DA must be dismissed. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a plaintiff make a "short and plain statement of the claim showing that [he] is entitled to relief").

Stovall also fundamentally misunderstands his rights on the legal mail and research claims. Generally, to qualify as legal mail, "the envelope of the correspondence must clearly reveal that the communication is from or to an attorney." M.B. MUSHLIN, RIGHTS OF PRISONERS §12:26 at 248 (2009); *Wolff v. McDonnell*, 418 U.S. 539, 577-78 (1974). Here, Stovall states that the parcel was sent to him by his daughter, not his attorney, and he has not alleged that it was even marked as "legal mail" to put the jail's officials on notice. (Doc. 1 at 5.) In other words, the letter he refers to was not "legal mail" within the meaning of *Wolff*. Similarly, while he must be provided with ready access to the courts, he does not enjoy any "abstract, freestanding right to a law library or legal assistance" simply because he has been detained. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In fact, there is some dispute as to whether the rights of access, elucidated in *Bounds v. Smith*, 430

U.S. 817 (1977), even extend to pre-trial detainees. M.B. MUSHLIN, RIGHTS OF PRISONERS §12:19 at 209 (2009). Some courts have reasoned that since pretrial detainees are entitled to services of counsel for their defense, they have no need of a law library. *Id.* More fundamentally, since both claims implicate Stovall's right of access to the courts, he must first establish standing to sue by alleging that the facility's impediments caused him to suffer some actual injury. *Casey*, 518 U.S. at 351-55; *see Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (inspection of legal mail claim not actionable where plaintiff failed allege actual injury from interception); *Bass v. Singletary*, 143 F.3d 1442, 1446 (11th Cir. 1998) (case challenging prison policy forbidding passing papers between inmates without authorization failed since prisoners never showed that they had been "unable to file proper pleadings and responses in their various litigations"). As Stovall has not offered any facts showing that the jail's policies have caused him actual injury, he lacks standing to bring either claim.

Plaintiff stands on firmer ground with his last claim, however. According to Stovall, the jail's administrators (presumably Sheriff Sikes and Administrator Franks) have decided that inmates should meet with

4

their attorneys in a hallway, standing within five or six feet of a jail official.[2] (Doc. 1 at 6.) Having an officer in earshot is problematic. In a case strikingly similar to this one, a court held that an inmate was deprived of his right to consult meaningfully and confidentially with his attorney where guards were placed within a few feet of the inmate and his attorney. *People v. Torres*, 218 Cal App. 3d 700, 705 (Cal. Ct. App. 1990); *see also Wright v. State*, 250 Ga. 570, 571 (1983) (detainee's rights were violated where jail conditions required "speaking very loudly, shouting, or screaming" during attorney interviews in order to be heard, which permitted other inmates and deputy sheriffs to overhear what was being said); *cf. Harris v. Gardner*, 471 F. App'x 634, 635 (9th Cir. 2012) (no First or Fourteenth Amendment access-to-courts claim where plaintiff failed to show actual injury as a result of correctional officers failing to shut the door while he was talking to his attorney on the telephone). Because such a practice unreasonably burdens a detainee's opportunity to consult with his attorney in confidence, *Alster v. Goord*,

---

[2] While this claim implicates Stovall's right of access, it also bears on his right to counsel. M.B. MUSHLIN, RIGHTS OF PRISONERS §12:27 at 254 (2009). "Because the right to counsel is an independent constitutional requirement separate from the right of access to the courts, the 'actual injury' requirement need not be satisfied in order to show a violation." *Id.* at 254-55; *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001).

745 F. Supp. 2d 317, 341 (S.D.N.Y. 2010), the Court is satisfied that Stovall has stated a claim against Sikes and Franks.

For the reasons explained above, the DA, along with Stovall's legal mail and research claims, should be **DISMISSED** from this action. The Clerk, however, is **DIRECTED** to forward a copy of this Report and Recommendation along with Stovall's complaint to the Marshal for service upon Sheriff Sikes and Administrator Franks so that they may respond to his attorney consultation claim.

Meanwhile, Stovall must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $18.30. See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $18.30 from Stovall's account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all

financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 15th day of November, 2012.

```
_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```