# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DWAYNE STOVALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV412-204 |
| | ) |
| LIBERTY COUNTY SHERIFF | ) |
| STEVE SIKES and LIBERTY | ) |
| COUNTY JAIL ADMINISTRATOR | ) |
| DOUGLAS FRANKS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are several motions filed by plaintiff Dwayne Stovall in this 42 U.S.C. § 1983 civil rights case. First, he seeks appointment of counsel. (Doc. 3.) As a general rule, there is no entitlement to appointed counsel in a civil rights action brought pursuant to 42 U.S.C. § 1983.[1] *Fowler v. Jones*, 899 F.2d 1088, 1096

---

[1] "The preeminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Serv's*, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 is civil in nature and does not affect a plaintiff's physical liberty, so the stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Federal Rule of Criminal Procedure 44 do not apply in civil proceedings. *See United States v. Rogers*, 534 F.2d 1134 (5th Cir. 1976). Thus, the appointment of counsel is required only where necessary to insure "fundamental fairness" in accordance with the due process clause of the Fourteenth Amendment. *Lassiter*, 452 U.S. at 26.

(11th Cir. 1990); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1979); *see also Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979.). Court-appointed counsel in civil cases is warranted only in "exceptional cases." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler*, 899 F.2d at 1096; *see Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the "key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo*, 983 F.2d at 193. Here, Stovall has had no difficulty in explaining the facts of his case, and while his imprisonment certainly makes litigation more difficult, it is not an

exceptional circumstance requiring the appointment of counsel. Otherwise, courts would be required to appoint counsel in every prisoner case that survives initial screening. Stovall's motion for appointment of counsel (doc. 3) is therefore **DENIED**.

Stovall also moves for the entry of a default judgment against defendants. (Doc. 14.) Apparently, he is under the misimpression that the defendants failed to respond in a timely fashion. The defendants, however, waived service of summons and thus were permitted 60 days from December 15, 2012 to file their answer or other responsive pleading. (Docs. 13 & 18.) The answer was received on February 8, 2013, but it was not due until February 13, 2013. (Doc. 21); Fed. R. Civ. P. 12(1)(A)(ii). Since defendants timely responded, plaintiff's motion for a default judgment (doc. 14) is **DENIED**.

Next, Stovall contends that he should be awarded a temporary restraining order and preliminary injunction against defendants so that he may consult with his attorney in private. (Doc. 15.) Defendants insist that there is no need for such injunctive relief, because they will allow him to meet in private if he requests it. (Doc. 19.) Stovall has not shown

that he is entitled to either a TRO or a preliminary injunction.[2] Given defendants' assurances, the Court directs Stovall to request privacy during his forthcoming meetings with counsel. If it is not provided, the Court will revisit this issue, but he must support all factual assertions with a sworn affidavit or declaration under 28 U.S.C. § 1746(1). Stovall's motion for injunctive relief (doc. 15) is **DENIED**.

Stovall next seeks permission "to file a supplemental complaint" adding additional instances of the same violation the Court found survived initial screening. (Doc. 20.) Defendants do not oppose his

---

[2] A TRO issues under Fed. R. Civ. P. 65(b) when "(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). In other words, it is generally used prior to service for a short time period (14 days in most instances). Since defendants have already been served and have responded to Stovall's request, he likely meant to obtain a preliminary injunction rather than a TRO.

A district court may grant a Fed. R. Civ. P. 65(a) preliminary injunction "only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *ACLU v. Miami-Dade Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). Since it is "an extraordinary and drastic remedy," a preliminary injunction should not "be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* at 1198 (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).

motion. (Doc. 24.) Thus, the motion is **GRANTED**.

Finally, Stovall seeks "leave to file discovery." (Doc. 25.) Specifically, he requests production of documents pursuant to Fed. R. Civ. P. 34. (*Id.*) Discovery is meant to be a self-executing, extrajudicial exercise requiring, at most, infrequent court intervention. *See Powell v. Scott*, No. CV412-004, doc. 20 (S.D. Ga. May 2, 2012). Hence, Stovall need not pester the Court with motions for discovery. Instead, he should forward his requests for production directly to defendants. He is advised to familiarize himself with the discovery provisions set forth in the Federal Rules of Civil Procedure. *See generally*, Fed. R. Civ. P. 26, *et seq.* Stovall's motion for "leave to file discovery" (doc. 25) is thus **DENIED** as moot.

**SO ORDERED** this 28th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA