UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DWAYNE STOVALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV412-204 |
| | ) |
| SHERIFF STEVE SIKES, and | ) |
| DOUGLAS FRANKS, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Dwayne Stovall has filed a complaint asserting that during his pretrial detention at the Liberty County Jail on child molestation charges, the sheriff and a jail administrator forced him to confer with his criminal defense attorneys in a hallway where his conversations could be overheard by jail guards.[1] (Doc. 1 at 6; doc. 20 at 2-4 (supplemental complaint).) Upon initial review, the Court found that Stovall had stated at least a potential claim that defendants had violated his Sixth Amendment right to the effective assistance of counsel. (Doc. 8 at 5.)

---

[1] His other claims were dismissed on initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. (Doc. 8.)

Defendants subsequently moved for summary judgment as to that claim. (Doc. 35.) After further reflection, the Court has concluded that it improvidently ordered service of the complaint upon defendants, as Stovall has failed to state the elements of a Sixth Amendment claim.[2]

Stovall claims that he met with one public defender on five occasions while sitting on metal stairs in a hallway, within five to six feet of a jail guard and near a wall intercom. (Doc. 1 at 7.) Later, when discussing his case with another public defender, he met with counsel in a small closet that was within earshot of a jail officer and near another wall intercom (which was turned off at Stovall's request). (Doc. 20 at 2-3.) He asserts that the defendants established a jail policy that effectively denied him his right to meet privately with his attorneys. (Doc. 1 at 7.) He has not alleged, however, that his conversations with counsel were recorded, that the guards heard every word uttered during those conversations, that any information overheard by the guards was ever passed on to the prosecution, or that his consultations with counsel were measurably chilled by the guards' presence.

---

[2] 28 U.S.C. § 1915(e)(2) requires the Court to dismiss a complaint filed *in forma pauperis* "at any time" it determines, *inter alia*, that the complaint fails to state a claim for relief.

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel for his defense.[3] "This right, fundamental to our system of justice[,] is meant to assure fairness in the adversary criminal process." *United States v. Morrison*, 449 U.S. 361, 364 (1981). One facet of the Sixth Amendment protection is the right of a defendant to have private and confidential communications with his attorney: "The prosecution is not entitled to have a representative present at a conference between an accused and his counsel to overhear their conversation." *Krull v. United States*, 240 F.2d 122, 126 (5th Cir. 1957). And "[t]he aid of counsel in consultation, investigation and preparation for trial in a criminal case is as necessary as the presence and participation of counsel at the trial itself." *Id.*

Nonetheless, "[t]he right of an accused to consult his attorney in private is not one without some limitations." *Id.* Attorney-client conferences at a jail pose security concerns, and therefore involve competing societal interests, not present in a non-jail setting. Depending upon the circumstances of a particular case, jail officials may be justified in placing guards in close proximity to a detainee during attorney-client

---

[3] The Sixth Amendment protection is applicable to the states through the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

conferences in order to deter the detainee from harming himself or counsel, effecting his escape, or introducing contraband into the jail. Thus, not all intrusions into the attorney-client relationship have been found to violate the Sixth Amendment. *See Krull*, 240 F.2d at 126 (Sixth Amendment not violated simply because prison guard remained in small room during attorney-client conference); *United States v. Roper*, 874 F.2d 782, 790 (11th Cir. 1989) (Sixth Amendment not violated even though detainee and his attorney had to communicate "in loud voices . . . over a telephone and through a glass window and steel door," enabling other prisoners and jail officers to hear "every detail of his defense."). And even where some violation has occurred, "[c]ases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Morrison*, 449 U.S. at 364.

The Supreme Court has made clear that in order to establish a violation of the Sixth Amendment an accused must show not only that his conversations with counsel were monitored or overheard but also that the information gained was used to prejudice his defense.

*Weatherford v. Bursey*, 429 U.S. 545 (1977). In that case (which, like this one, was brought under 42 U.S.C. § 1983), the Court refused to adopt a per se rule that the Sixth Amendment is violated whenever government officials overhear what was said during an attorney-client conference. *Id.* at 551. The Court instead held that "when conversations with counsel have been overheard, the constitutionality of the conviction depends on whether the overheard conversations have produced, directly or indirectly, any of the evidence offered at trial." *Id.* at 552. Because none of the attorney-client communications overheard by an undercover agent in that case had been communicated to the prosecution, and thus none of the state's evidence was tainted by the intrusion, no violation of the Sixth Amendment had occurred. *Id.* at 555-59. This principle applies not only in the context of a § 1983 civil suit but also in criminal proceedings where a defendant is seeking the dismissal of the indictment as a remedy for an intentional intrusion by the government into the attorney-client relationship. *Morrison*, 449 U.S. at 365-66 ("absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the [Sixth Amendment] violation may have been deliberate."). Instead, the appropriate remedy

5

for a Sixth Amendment violation "is limited to denying the prosecution the fruits of its transgression." *Id.* at 366. Where there is no prejudice to the defense, there is no taint which needs to be purged. *Id.* at 366-67.[4]

Stovall alleges only that guards were stationed nearby when he conferred with defense counsel about his criminal case. He does not allege that the guards heard every word of their conversation or were even interested in his communications with counsel. More significantly, he never alleges that the guards communicated anything they heard to state prosecutors or any investigating agent. Nor does he allege that his conversations with counsel were curtailed or inhibited by the guards' presence.

Stovall, therefore, has failed to allege that the prosecution gained some insight into his defense strategy or that the fairness of the criminal proceedings were compromised in any way. The mere fact that the defendant jail officials failed to furnish him with a totally private area for

---

[4] The lower courts have consistently followed this interpretation of Supreme Court precedent. *See, e.g., Sinclair v. Schriber*, 916 F.2d 1109, 1112-14 (6th Cir. 1990) (plaintiffs could not maintain *Bivens* action against FBI agents who intercepted plaintiffs' conversations with defense counsel through warrantless wiretaps, where plaintiffs failed to show any prejudice to their defense); *see also Krull*, 240 F.2d at 126-27 (because a prison guard who overheard defendant's conversations with his attorney did not communicate that information to government prosecutors, defendant suffered no prejudice to his Sixth Amendment right to effective assistance of counsel).

attorney-client conferences or guarantee that none of his conversations with counsel would be overheard by a jail guard or other detainee does not entitle Stovall to any relief under § 1983. *Weatherford*, 429 U.S. at 552-59 (even though plaintiff's conversations with his criminal defense attorney were overheard by an undercover agent, plaintiff could not recover under § 1983 where the agent never communicated what he heard to his superiors or the prosecutor and thus none of the state's evidence was derived from the overheard conversations); *Sinclair*, 916 F.2d at 1112 (plaintiff could not maintain *Bivens* action against FBI agents who illegally intercepted his conversations with counsel, as he failed to show any information gained during the warrantless wiretaps was used to prejudice his defense). Absent a claim of prejudice arising from the alleged interception of his attorney-client communications -- and no such claim is asserted in his complaint[5] -- Stovall cannot establish that he is entitled to relief under § 1983.

Nor would any purpose be served by allowing Stovall an opportunity to amend his complaint to assert that his defense of the

---

[5] Stovall failed to challenge defendants' assertion (in their motion for summary judgment) that he has never claimed that the lack of privacy prejudiced his criminal defense. (Doc. 35 at 4.)

criminal charges was prejudiced by the fact that guards were able to overhear his conversations with counsel. Any such claim would necessarily call into question the validity of his state conviction arising from his guilty plea to charges of child molestation and sexual exploitation of a child. (Doc. 35 at 2 n. 1.) As the Supreme Court explained in *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 damages claim that necessarily implies the invalidity of the plaintiff's criminal conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated" on direct appeal or through some form of collateral attack. *Id.* at 490; *id.* at 487 (a § 1983 claim for damages "that has *not* been so invalidated is not cognizable under § 1983."). As Stovall has not shown that his criminal conviction for child molestation and exploitation has been invalidated, it would be an exercise in futility to allow Stovall to amend his complaint to assert that his defense of those charges was prejudiced by the alleged intrusion into his attorney-client communications.

Stovall's surviving § 1983 claim rests upon the assertion that his Sixth Amendment rights were violated merely because his conversations with counsel may have been overheard by a jail guard. Such an assertion

falls short of making out a claim for relief under § 1983. Stovall's complaint, therefore, must be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 16th day of April, 2014.

_/s/_
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**