IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DWAYNE STOVALL, )
    Plaintiff, )
)
v. ) CASE NO. CV412-204
)
STATE DISTRICT ATTORNEY, )
LIBERTY COUNTY SHERIFF STEVE )
SIKES, and LIBERTY COUNTY JAIL )
ADMINISTRATOR DOUGLAS FRANKS, )
)
    Defendants. )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 48), to which objections have been filed (Doc. 50). As is discussed at length in the report and recommendation, Plaintiff's complaint fails to state a claim upon which relief can be granted because it does not allege that any violations of his Sixth Amendment rights actually prejudiced his defense. In addition, while Plaintiff attempts to cure this defect by including allegations of prosecutorial misconduct in his objections, his claims are still fatally flawed. Although Plaintiff states that he "has not sought nor seeks a remedy to his conviction" (Doc. 50 at 6), his assertions that his defense was doomed by violations of his right to confidential communications with his attorney necessarily call into

question the lawfulness of his conviction.[1] As a result, these claims are simply not cognizable under 42 U.S.C. § 1983 at this stage. Heck v. Humphrey, 512 U.S. 477, 487 (1994). For Plaintiff to pursue damages under § 1983, he must first establish that his conviction has "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion and this case is hereby **DISMISSED**.[2] The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 18th day of June 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff originally filed this case in response to incidents occurring while he was in pretrial detention for child molestation charges, but he has subsequently been convicted and sentenced on those charges. (Doc. 50 at 4.)

[2] Because this case is dismissed, Defendants' Motion for Summary Judgment (Doc. 35) is **DISMISSED AS MOOT**.